# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **DOMINIQUE TABB,** | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. CIV 11-433-JHP-SPS |
| **CLAUDE JONES, et al.,** | ) ) ) |
| Defendants. | ) |

## OPINION AND ORDER

This action is before the court on the defendants' motion for summary judgment. The court has before it for consideration plaintiff's complaint (Dkt. 1), the defendants' motion (Dkt. 80), plaintiff's responses (Dkt. 82, 89), the defendants' reply (Dkt. 85), an amended special report (Dkt. 56-57), and plaintiff's response to the amended special report (Dkt. 58).

Plaintiff, a former inmate of the Oklahoma Department of Corrections (DOC), brings this action under the authority of 42 U.S.C. § 1983, seeking relief for alleged constitutional violations during his incarceration at the LeFlore County Detention Center ("LCDC") in Poteau, Oklahoma. The defendants are officials of the LCDC: Claude Jones, Jail Administrator; Tim Tierney, Detention Officer; Ed Drury, Nurse; and Brian Simpson, Shift Supervisor.

Plaintiff alleges his Eighth and Fourteenth Amendment rights were violated when Defendants Tierney and Simpson used excessive force against him during an incident at the LCDC on November 9, 2011. He further claims Defendant Drury delayed or denied medical treatment for his resulting injuries. Plaintiff also complains that while in the LCDC, he was denied access to proper hygiene, exercise, and the law library, and all his property was taken temporarily.

**Standard of Review**

Having moved for summary judgment in their favor, the defendants are required to

show the absence of a genuine issue of material fact. Fed. R. Civ. P. 56(a).

> A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>
> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1).

**Exhaustion of Administrative Remedies**

Under The Prisoner Litigation Reform Act of 1995 ("PLRA"), exhaustion of all available administrative remedies is mandatory, and unexhausted claims cannot be brought in court. *Jones v. Bock*, 549 U.S. 199, 211, (2007). *See also* 42 U.S.C. § 1977e(a). "[P]risoners must complete the administrative review process in accordance with the applicable procedural rules . . . defined not by the PLRA, but by the prison grievance process itself." *Jones*, 549 U.S. at 218. Substantial compliance is insufficient to show exhaustion. *Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002).

On March 26, 2013, the court denied the defendants' first motion to dismiss or for summary judgment and directed the defendants to file an amended special report addressing all the issues in plaintiff's complaint. (Dkt. 55). The court further ordered the defendants that the special report and any dispositive motion should advise whether plaintiff had exhausted his administrative remedies, as required by 42 U.S.C. § 1997e(a).

While the amended special report addresses the exhaustion issue, the defendants' motion for summary judgment fails to comply with the court's order. Even if the defendants had briefed this issue as directed, however, the discussion of this matter in the special report is not clear.

The special report states that on September 1, 2011, plaintiff was transferred to the

LCDC from the Davis Correctional Facility, pursuant to a writ of habeas corpus ad prosequendum, so he could make an initial appearance in LeFlore County District Court Case No. CF-10-198 for Escape from Confinement. (Dkt. 56 at 3). He entered a guilty plea to the charge, was sentenced to three years' incarceration, and on December 14, 2011, was returned to Davis Correctional Facility. *Id*. Jim Rabon, DOC Administrator of Sentence Administration, states by affidavit that while plaintiff was in the physical custody of the LCDC, he was considered a DOC inmate, and the time he spent at the LCDC counted as time served on his DOC sentence. (Dkt. 57-8 at 2). Rabon also states that plaintiff was not charged with a DOC offense for any of his conduct in the LCDC. *Id*.

According to the special report, there are special rules for DOC inmates who are incarcerated in the LCDC, and the requirements are set forth in the LeFlore County Detention Center Jail Rules for DOC Inmates, which are available in the jail pods for inmates to view. (Dkt. 56 at 20, 22; Dkt. 56-13 at 3). These rules require all requests and grievances by DOC inmates to be mailed to the Jim Hamilton Correctional Center or to be given to an officer who will deliver the request or grievance on the next commissary trip. *Id*. The special report asserts the jail records do not indicate plaintiff submitted any requests or grievances in this manner, and the DOC files do not show any grievances by plaintiff about his incarceration in the LCDC. Further, there are no affidavits or other documents in support of this assertion, only the conclusory statement that "plaintiff has failed to properly file a grievance on any of the claims contained in this lawsuit." (Dkt. 56-20). Plaintiff alleges in his response to the special report that the LCDC Jail Rules for DOC Inmates were not posted in his housing pod, and he did not know there were separate rules for DOC inmates. (Dkt. 58 at 5).

Even if there were supporting documents regarding plaintiff's alleged failure to comply with the LCDC Jail Rules for DOC Inmates, it is unclear whether plaintiff was required to pursue additional administrative remedies at the LCDC. The special report also sets forth the procedure for exhausting administrative remedies at the detention center, but leaves it unclear whether plaintiff was required to exhaust the LCDC administrative remedies

3

*in addition to* the DOC remedies set forth above. (Dkt. 56 at 20-22). Because the special report and the defendants' dispositive motion have failed to clarify this threshold issue of exhaustion of administrative remedies as directed, the court cannot grant summary judgment.

**ACCORDINGLY,** the defendant's second motion for summary judgment (Dkt. 80) is DENIED, and the defendants are granted fourteen (14) days to file an appropriate pleading that fully addresses the exhaustion issue, as previously directed.

DATED this 14th day of October 2014.

James H. Payne
United States District Judge
Eastern District of Oklahoma